IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **MICHAEL REEVES, # B-82558,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) Case No. 14-cv-1092-JPG |
| | ) |
| **DR. HENDERSON,** | ) |
| **DR. NEWBOLD,** | ) |
| **and MELISSA J. PHOENIX,** | ) |
| | ) |
| **Defendants.** | ) |

# MEMORANDUM AND ORDER

**GILBERT, District Judge:**

This matter is before the Court for case management. On October 9, 2014 (Doc. 2), this case was severed from *Reeves v. Harrington, et al.*, Case No. 13-cv-1171-JPG-PMF, after the Court completed the merits review of Plaintiff's amended complaint (Doc. 1; Doc. 78 in Case No. 13-1171). The amended complaint was filed in Plaintiff's original case on April 8, 2014. The severed claim was designated as "Count 3" of the amended complaint, and charged that the above Defendants were deliberately indifferent to Plaintiff's serious medical needs when they failed to administer dental treatment to him.

In the severance order (Doc. 2; Doc. 99 in Case No. 13-1171), Plaintiff was instructed that if he did not wish to proceed with this newly-opened case, he must notify the Court within 30 days. He was also warned that if he did not so notify the Court, he would be responsible for a separate filing fee in this new case. When the Clerk opened this severed case, a letter was sent to Plaintiff (Doc. 3) instructing him to either pay the $400.00 filing fee for this case or file a motion for leave to proceed *in forma pauperis* ("IFP"), also within 30 days.

Both 30-day deadlines were up as of November 10, 2014.  Plaintiff has not notified the Court that he wishes to withdraw his severed claim, nor has he paid the filing fee or sought leave to proceed IFP.  Because he has failed to voluntarily dismiss this matter within the prescribed deadline, Plaintiff has now incurred the obligation to pay the filing fee for this action, whether he proceeds with it or not.  *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).  Moreover, as he has not complied with the Clerk's directive to take action regarding his filing fee obligation, this matter is subject to dismissal for failure to prosecute.  *See* FED. R. CIV. P. 41(b).

Out of an abundance of caution, the Court shall give Plaintiff one final chance to take the required steps to prosecute this case.  No later than **December 9, 2014**, Plaintiff **SHALL** either pay the $400.00[1] filing fee in full, or submit a properly completed motion for leave to proceed IFP.  The motion for leave to proceed IFP must be accompanied by Plaintiff's inmate trust fund statement showing his account activity for the six months prior to the filing of his amended complaint (October 8, 2013, through April 8, 2014), and the enclosed certification form completed by the Trust Fund Officer at Menard Correctional Center.

If Plaintiff fails to comply with this order, this case shall be dismissed for failure to prosecute pursuant to Rule 41(b).  A dismissal for failure to prosecute is ordinarily a dismissal with prejudice.  *Lucien v. Breweur*, 9 F.3d 26, 29 (7th Cir. 1993).  Further, if the case is dismissed, an order shall be entered to deduct the filing fee from Plaintiff's inmate trust account pursuant to 28 U.S.C. § 1915(b).

The Clerk is **DIRECTED** to send Plaintiff another blank form motion for leave to

---

[1] If Plaintiff applies for and is granted leave to proceed IFP, his filing fee shall be $350.00.  Litigants proceeding IFP are not assessed the $50.00 administrative fee that applies to non-indigent plaintiffs.  *See* Judical Conference Schedule of Fees - District Court Miscellaneous Fee Schedule, 28 U.S.C. § 1914, No. 14.

proceed IFP, including the certification form to be completed by the prison Trust Fund Officer.

**IT IS SO ORDERED.**

**DATED: November 25, 2014**

*s/J. Phil Gilbert*
United States District Judge
